# LeBoeuf, Lamb, Greene & MacRae llp

NEW YORK
WASHINGTON, D.C.
ALBANY
BOSTON
CHICAGO
HARTFORD
HOUSTON
JACKSONVILLE
LOS ANGELES
PITTSBURGH
SAN FRANCISCO

125 West 55th Street
New York, NY 10019-5389
(212) 424-8000
FACSIMILE: (212) 424-8500

E-MAIL ADDRESS: LCAMPBELL@LLGM.COM
WRITER'S DIRECT DIAL: (212) 424-8552
WRITER'S DIRECT FAX: (212) 649-1181

LONDON
A MULTINATIONAL
PARTNERSHIP
PARIS
BRUSSELS
JOHANNESBURG
(PTY) LTD.
MOSCOW
RIYADH
AFFILIATED OFFICE
BISHKEK
ALMATY
BEIJING

October 20, 2005

**VIA ELECTRONIC FILING**

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: *Linde, et al. v. Arab Bank, PLC, 04-2799 (NG) (VVP)*
> *Litle, et al. v. Arab Bank, PLC, 04-5449 (NG) (VVP)*
> *Coulter, et al. v. Arab Bank, PLC, 05-365 (NG) (VVP)*
> *Almog, et al. v. Arab Bank, PLC, 04-5564 (NG) (VVP)*
> *Bennett, et al. v. Arab Bank, PLC, 05-3183 (NG)(VVP)*
> *Roth, et al. v. Arab Bank, PLC, 05-3738(NG)(VVP)*
> *Afriat-Kurtzer, et al. v. Arab Bank, PLC, 05-388 (NG) (VVP)*

Dear Judge Pohorelsky:

This firm represents defendant Arab Bank plc in the above-referenced actions. I am writing to inform the Court there has been further development in our application in to release bank account records.

As we reported at the October 11, 2005 discovery conference, the Jordanian court of original jurisdiction granted our application to release the bank account records; however, account-holder appealed that decision. After the conference, we learned that an order was issued

Hon. Viktor V. Pohorelsky
October 20, 2005
Page 2

from the Jordanian appellate court reversing the lower court's decision. We enclose a copy of the appellate decision in Arabic, along with a certified translation.

Respectfully submitted,

Leah M. Campbell

Enclosures

cc: All counsel on attached list

CC:

**IN *LITLE, ET AL. V. ARAB BANK, PLC*, CV 04-5449**

**Liaison Counsel for *Litle* Plaintiffs:**
James P. Bonner, Esq (jbonner@lawssb.com)
SHALOV, STONE & BONNER LLP
485 Seventh Avenue
Suite 1000
New York, N.Y. 10018
Telephone: (212) 239-4340
Facsimile: (212) 239-4310

**Co-Counsel for *Litle* Plaintiffs:**
Mark S. Werbner, Esq. (mwerbner@swtriallaw.com)
SAYLES WERBNER
4400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
Telephone: (214) 939-8711
Facsimile: (214) 939-8787

Richard D. Heideman, Esq. (rdheideman@HLNKlaw.com)
HEIDEMAN LEZELL NUDELMAN & KALIK, P.C.
1146 19th Street, NW
Fifth Floor
Washington, D.C. 20036
Telephone: (202) 462-8990
Facsimile: (202) 462-8995

Steven R. Perles, Esq. (sperles@perleslaw.com)
PERLES LAW FIRM, P.C.
1615 New Hampshire Avenue
Suite 200
Washington, D.C. 20009
Telephone: (202) 745-1300
Facsimile: (202) 745-1858

**IN *LINDE, ET AL. v. ARAB BANK, PLC*, CV 04-2799 & *COULTER, ET AL. v. ARAB BANK, PLC*, CV 05-365**

**Liaison Counsel for *Linde* Plaintiffs; Co-counsel for the *Coulter* Plaintiffs:**
Andrew D. Friedman, Esq. (afriedman@whesq.com)
Joshua D. Glatter, Esq. (jglatter@whesq.com)
WECHSLER HARWOOD LLP
488 Madison Avenue
8th Floor
New York, NY 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

**Counsel for the *Coulter* Plaintiffs; Co-Counsel for *Linde* Plaintiffs:**
Gary M. Osen, Esq. (gmo@osen.us)
Peter Raven-Hansen (praven@law.gwu.edu)
OSEN & ASSOCIATES, LLC
700 Kindermack Road
Oradell, NJ 07649
Telephone: (201) 265-6400
Facsimile: (201) 265-0303

Robert A. Swift, Esq. (rswift@kohnswift.com)
Steven M. Steingard, Esq. (ssteingard@kohnswift.com)
KOHN SWIFT & GRAF, P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968

**IN *ALMOG, ET AL. . v. ARAB BANK, PLC*, CV 04-5564 & *AFRIAT-KURTZER, ET AL. V. ARAB BANK, PLC*, CV 05-388**

**Counsel for *Almog & Afriat-Kurtzer* Plaintiffs**
Ronald L. Motley, Esq. (rmotley@motleyrice.com)
Jodi W. Flowers, Esq. (jflowers@motleyrice.com
John M. Eubanks, Esq. (jeubanks@motleyrice.com)
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

**Co-Counsel for *Almog* Plaintiffs**
Alan Gerson, Esq. (gerson@gilgintl.org)
ATTORNEY AT LAW
2131 S. Street
Washington, D.C. 20008
Telephone: (202) 966-8557

محكمة استئناف عمان

الرقم: ٢٢٤/٢٠٠٥

بداية حقوق - امور مستعجله

# المملكة الأردنية الهاشمية
## وزارة العدل

إعلام صادر عن محكمة الاستئناف المأذون بأجراء المحاكمة و إصدار الحكم باسم حضرة صاحب الجلالة ملك المملكة الأردنية الهاشمية

عبد الله الثاني ابن الحسين المعظم

**برئاسة القاضي الأستاذ محمد الغزو**

**وعضوية القاضيين الأستاذين جواد الشوا و محمد عمر مقنصه.**

المستأنف : حسن حسين حسن حوتـــري

وكيله المحامي اســــعـــــد خـــــلـــف

المستأنف عليه : البنك العربي ش.م.ع

وكلاؤه المحامون احمد عبيدات وعبد الغفار فريحات وثامر عبيدات ومحمود فريحــــات ونـــــزار عبيدات

بتـــاريخ ٢٠٠٥/١٠/٣ قـــــدم هــــــذا الاستئناف للطعن بالقرار رقـــم [١٢٩/ط/٢٠٠٥] الـــصادر عن قاضي الامور المستعجلة لدى محكمة بداية حقوق الـــزرقاء بتـــاريخ ٢٠٠٥/٩/٢٧ والمتـــضمن الـــسماح للمستانف ضده بالكشف عن المعلومات المتعلقه بحساب المستأنف واسقاط السرية المصرفية .

**أسباب الاستئناف تتلخص فيما يلي :**

١. القـــرار المــستأنف مخالــف للقانون لعدم مراعاة قاضي الامور المستعجلة قــواعد الاختصاص النوعي ذلك أن موضوع الطلب لا يشكل أحد الطلبات المــستعجلة ولا تتوفـــر شروط المادة [٣/٢٧] من قانون اصول المحاكمات المدنية .

٢. وبالتناوب / القرار مخالف للقانون والاصول لعدم توافر شروط المادة [٣٢] من الاصول المدنية .

س.ع

-٢-

٣. لم يراعِ قاضي الامور المستعجلة اختصاص القضاء المستعجل من حيث وجود خطر عاجل يخشى عليه من فوات الوقت.

٤. القرار موضوع الطعن مخالف للقانون والاصول من حيث عدم مراعاة ان ملف الحساب العائد للمستانف يشكل احد صور البينات المطلوب تقديمها في النزاع القائم في الولايات المتحدة وهو أمر لا يتصف بالاستعجال .

٥. القرار مخالف للقانون والاصول اذ ان فحوى القرار قائم على تطبيق المواد [١٠، ١٠٥، ١٠٧] من قانون اصول المحاكمات المدنية رغم ان النزاع غير قائم امام المحاكم الاردنية وانما امام القضاء الامريكي ويخضع لقانون الاجراءات الامريكي .

٦. لم يراعِ قاضي الامور المستعجلة ان القرار الصادر بتكليف البنك بتقديم ملف العميل [المستأنف] صادر عن قاضي اجنبي لا يحوز الحجية وليس له اثر امام القضاء الاردني لانتقاصه من اختصاص القضاء الاردني ويشكل اعتداء على سيادة الدولة ولعدم اكسائه صيغة التنفيذ .

٧. القرار المستأنف مخالف للقانون ولصراحة احكام المادة [٧٢] من قانون البنوك رقم [٢٨] لسنة ٢٠٠٠ التي نصت صراحة على الزام البنك بمراعاة السرية التامة لجميع عملائه وحظر اعطاء اية بيانات عنها الا بموافقة العميل .

٨. القرار المستأنف مخالف للقانون ولاحكام المادة [٧٢] من قانون البنوك اذ ان كشف السرية بموجب قرار قضائي اشترط ان يكون في خصومة قضائيه قائمة ولا يشمل النزاع القائم في الولايات المتحده .

٩. القرار موضوع الطعن مخالف للقانون وصراحة المادة [٧٤] من قانون البنوك التي حددت حصراً الحالات التي تجيز اسقاط السرية .

١٠. القرار المستأنف مخالف للقانون من حيث عدم توافر المصلحة وان كانت محتمله .

١١. القرار المستأنف مخالف للقانون والاصول ذلك ان طلب المستأنف ضده اعفائه من شروط السرية المصرفية لتحقيق مصلحة ذاتيه ودون توافر احد الحالات القانونية المطلوبة لهذا الاعفاء .

D_59220_224_2005

-٣-

١٢. القرار المستأنف مخالف للمادتين ٧و١٨ من الدستور حيث يشكل اعتداء على حرية وخصوصية المستأنف .

**بالتدقيق نجد ...**

**من حيث الشكل** .. صدر القرار المستأنف بتاريخ ٢٠٠٥/٩/٢٧ وقدم هذا الاستئناف بتاريخ ٢٠٠٥/١٠/٣ وحيث دفع الرسم القانوني فنقرر قبوله شكلاً .

**وفي الموضوع** .. تقدم المستدعي البنك العربي ش.م.ع بهذا الطلب ضد المستدعى ضده حسن حسين حسن حوتري للسماح بالكشف عن معلومات خاصة بحساب المستدعى ضده لدى المستدعي – فرع الرصيفة على سند من الوقائع الواردة في استدعاء الطلب والتي تتلخص بان المستدعي يمارس الاعمال المصرفية والمستدعى ضده احد عملائه وهو صاحب الحساب رقم [٦٠٠/٢١٦٩٧-٦] فرع الرصيفه وان المستدعي اقيمت بمواجهته خمس دعاوي مدنية امام محكمة الولايات المتحدة الفيدراليه لمقاطعة شرق نيويورك [محكمة نيويورك] ويدعي المدعون بان المستدعي في هذا الطلب قام بتحويل اموال لجمعيات خيرية يزعم المدعون بانها عبارة عن واجهات لمنظمات ارهابية في قطاع غزة والضفة الغربية حيث جرى تحويل اموال لعائلات الاشخاص الذين يدعي بانهم قاموا بتنفيذ اعمال عنف تسببت بالحاق الضرر بالمدعيين وانه وبتاريخ ٢٠٠٥/٧/٢٧ اصدر القاضي فكتور بورلسكي امراً الى البنك المستدعي لتقديم وثائق معينه توجد في حيازته في الاردن ومنها معلومات معينه تتعلق بحساب المستدعى ضده لدى فرع المستدعي في الرصيفه ومنها طلب فتح الحساب واية سجلات تتعلق بالحوالات المصرفية والايداعات من تاريخ ٢٠٠١/١/١ وحتى تاريخه وكذلك اية مراسلات تتعلق بالحساب وقد اصدر قاضي محكمة نيويورك امر حماية يعطي اطراف النزاع الحق بالتاشير على بعض الوثائق بانها سرية ولا يجوز استخدامها لغير هذه الدعاوي وان المستدعي يتقدم بهذا الطلب استناداً الى الامر الصادر بحقه بالحصول على اذن من الجهات المعنية في المملكة الاردنية الهاشمية بكشف المعلومات المطلوبة وللمستدعي مصلحة بتقديم هذا الطلب تتمثل بتنفيذ الامر الذي صدر من المحكمة الناظره في الدعاوي المقامة ضده وهو ملزم بمراعاة السرية التامة لجميع حسابات عملائه وفقاً للمادة ٧٢ من قانون البنك رقم [٢٨] لسنة ٢٠٠٠ وهو يطلب اعفائه من

D_59220_224_2005

-٤-

شروط السرية المصرفية فيما يتعلق بحساب المستدعي في هذا الطلب وبالقدر الذي يلبي امر الابراز الصادر عن محكمة نيويورك بتاريخ ٢٠٠٥/٨/٢٣ . اصدر قاضي الامور المستعجلة لدى محكمة بداية حقوق الرصيفة القرار المستأنف القاضي بالسماح للمستدعي بالكشف عن المعلومات المتعلقه بحساب المستدعى ضده رقم [٦٠٠-٢١٦٩٧-٦] لدى فرع المستدعي بالرصيفه وذلك بخصوص اسم صاحب الحساب والوثائق المتضمنه فتح الحساب والحوالات المصرفية والايداعات التي تمت على الحساب من تاريخ ٢٠٠١/١/١ لغاية ٢٠٠٥/٩/٢٧ وتقديم هذه الوثائق للمدعين في دعاوي نيويورك الخمس والزامه بالتاشير عليها بانها سرية .

**لم يلاقِ هذا القرار قبولاً من المستدعى ضده فطعن به للاسباب الواردة في لائحة الاستئناف .**

**ورداً على أسباب الاستئناف :**

**وعن الاسباب الاول والثاني والثالث والرابع :** التي تتحصل بتخطئة قاضي الامور المستعجلة بعدم مراعاة قواعد الاختصاص النوعي و/أو المكاني وان الطلب لا يشكل احد الامور المستعجلة وهو مخالف لاحكام المادتين [٢٧/٣ و ٣٢] من قانون اصول المحاكمات المدنية وفي ذلك نجد أن المادة [٢٧/٣] من قانون اصول المحاكمات المدنية جعلت من المحاكم الاردنية مختصه بالاجراءات الوقتية والتحفظية التي تنفيذ في الاردن ولو كانت غير مختصه بالدعوى الاصلية .

وحيث ان الطلب المقدم من المستأنف ضده يتعلق باجراء وقتي يتمثل بطلب الكشف عن حساب المستأنف والوثائق المتعلقه بهذا الحساب واسقاط السرية المصرفية عنه لغايات تقديم هذه الوثائق في الدعاوي المقامة ضد المستأنف ضده في محكمة نيويورك الفيدرالية .

وحيث ان الوثائق المطلوبة موجودة لدى المستأنف ضده – فرع الرصيفه فتكون المحاكم الاردنية مختصه بالاجراءات الوقتية المتعلقه بهذا الخصوص ولو انها غير مختصه بنظر الدعوى الاصلية طالما ان الاجراء المطلوب تنفيذه في الاردن ويتعلق بالسرية المصرفية التي يفرضها قانون البنوك الاردني وفقاً لقواعد الاختصاص الدولي للمحاكم الاردنية .

D_59220_224_2005

ما بعد

- ٥ -

وبناءً عليه فان المحاكم الاردنية تكون مختصه دولياً ونوعياً برؤية هذا الطلب مما يجعل هذه الاسباب من حيث النتيجة لا ترد على القرار المستأنف ويتعين ردها.

**وعن السببين العاشر والحادي عشر** : وحاصلهما تخطئة المحكمة بعدم قضائها برد الطلب لانعدام المصلحة نجد ان المستأنف ضده هو صاحب مصلحة مؤكده وحقيقية بتقديم هذا الطلب لغايات الدفاع عن حقوقه في الدعاوي المقامة بمواجهته امام محكمة نيويورك الفيدرالية وتنفيذاً لامر المحكمة المذكورة التي كلفته بتقديم هذا الطلب الى المحاكم الاردنية ولغايات تمكينه من الكشف عن السرية المصرفية دون تعرضه لمخالفة قانون البنوك في الاردن الامر الذي يجعل من طلب المستأنف ضده تتوافر به شروط المصلحة التي يقرها القانون مما يجعل هذين السببين لا يردان على القرار المستأنف وتستوجب الرد .

**وعن الاسباب الخامس والسادس والسابع والثامن والتاسع والثاني عشر** :
والتي تنعى على القرار المستأنف مخالفته للقانون وخاصة المادتين [٧٢و٧٤] من قانون البنوك رقم [٢٨] لسنة ٢٠٠٠ نجد ان المادة [٧٢] من القانون المذكور توجب على البنك مراعاة السرية التامة لجميع حسابات العملاء وودائعهم واماناتهم ويحظر اعطاء أي بيانات بطريق مباشر او غير مباشر الا بموافقة خطيه من صاحب الحساب او بقرار من جهة قضائية مختصه في خصومة قضائيه او بسبب احدى الحالات المسموح بها بمقتضى احكام هذا القانون وهي الحالات المنصوص عليها في المادة ٧٤ منه وهي المتعلقة بمدققي الحسابات التي تعينهم الهيئة العامة للبنك او البنك المركزي والأعمال والإجراءات التي يقوم بها البنك المركزي بموجب احكام هذا القانون او قانون البنك المركزي وإصدار شهادة حول سبب رفض صرف أي شيك وتبادل معلومات العملاء بخصوص مديونياتهم لتوفير البيانات اللازمة لسلامة منح الائتمان وما يقدمه البنك ذاته من معاملات لازمة لاثبات حقه في نزاع قضائي نشب بينة وبين عميله بشان هذه المعاملات .

وحيث ان الحالة التي نحن بصددها تتعلق بنزاع ناشيء امام محكمة اجنبية بين المستأنف ضده البنك العربي واشخاص اخرين وان المستأنف ليس طرفاً في هذا النزاع كما ان احدى الحالات التي تبيح للمستأنف ضده اعطاء بيانات عن حساب احد

D_59220_224_2005

ما بعد

-٦-

عمومهم منصوص عليها في صحيح المسلم من قائدة [٤٧] في وطائف مسلم النظام قائدة الطالب

على نحو ما سبق بيانه من قائدة الحسبة إلى أنه لا يجوز ضم عمله ، دنيا عمله قائدة المسلم

. الإسلامية.

فانه يقبض الاعم الابتدائي حكمه برائي المستأنف السنجاري من دفع اي مبلغ ذلك 

وحيث أن المستأنف قد ملك برائته من الاتهام المنسوب اليه وفسخ حكمه .

وحيث أن الاستئناف قد استوفى اوضاعه الشكلية فانه يكون مقبولا شكلا ما

. يستوجب الاعراف والغاء ما يخالفها

فقـــه
حكمت المحكمـــه في ٢٠٠٥/١٠/٩

نائب الرئيس    نائب الرئيس    رئيس المحكمه

**Bowne Translation Services**
345 Hudson Street
New York, NY 10014
212/924-5500
Fax: 212/229-3410

# BOWNE

## Certificate of Accuracy

This is to certify that the translation described below is, to the best of our knowledge and belief, a true and accurate rendition of the original document.

Job Number:       **Y-93901**

Job Name:         **LeBoeuf, Lamb, Greene and MacRae, LLP**

Job Description:  **Jordan Appellate Court Decision (10.9.05)**

Language from: **Arabic**          into: **English**

Date: October 18, 2005            _Paul M. Martinez_
                                  Paul M. Martinez
                                  Project Manager

---

STATE OF NEW YORK, COUNTY OF KINGS

Subscribed and sworn to before me this date of October 18, 2005

**Notary Public**

ROBERT J. MAZZA
Notary Public, State of New York
No. 02MA5057911
Qualified in Kings County
Commission Expires April 1, 2006

**Amman Appeals Court**
**No. 224/2005**
**Preliminary Hukook Court – Urgent Affairs**

# The Hashemite Kingdom of Jordan
## Ministry of Justice

**A Ruling Issued by the Appeal's Court**
Under the Name of the Great King of the Hashemite Kingdom of Jordan
His Majesty King Abduallah the 2nd bin al-Hussein

**Presided by Judge Mohammed al-Ghazo, and Judges Jawad al-Shawa and Judge Mohammed Omar Maknasah as members**

**Appellant:**   Hassan Hussein Houtri
             **Represented by Attorney Asad al-Khalaf**

**Defendant:**   Arab Bank PLC
             **Represented by: Ahmad Obaidat, Abdulazeez Furaihat, Thamer Obaidat, Mahmoud Fueaihat, and Nizar Obaidat**

On 10/3/2005, this Appeal was filed to appeal Ruling No. 129/M/2005, issued by the Urgent Affairs Judge, Hukook al-Zarga Preliminary Court, dated 9/27/2005, permitting Defendant to disclose information regarding the Appellant's account and removing banking confidentiality.

1. The Appealed Ruling violates the law in that the Urgent Affairs Judge did not take into consideration authority guidelines, in that the motion's subject matter does not constitute an urgent motion, and conditions of Article 27/3 of the Civil Trials Procedures Code are not present.

2. Alternatively, the Appealed Ruling violates the law and procedures for lacking the conditions of Article 32 of the Civil Procedures.

3. The Urgent Affairs Judge did not take into consideration the authority of Urgent Judiciary, in terms of the presence of an imminent danger that may be time sensitive.

4. The Appealed Ruling violates the law and procedures, in that the account file belonging to Appellant constitutes one form of evidence required to be submitted in the dispute in the United States, which is not an urgent matter.

5. The ruling violates the law and procedures, in that the ruling stands on enforcing the provisions of Articles 10, 105, 107 of the Civil Trials Procedures Code, even though the dispute is not before Jordanian courts but before the American Justice system and subject to the provisions of the American procedures code.

6. The Urgent Affairs Judge did not take into consideration that the issued ruling ordering the Bank to produce the customer's file (Appellant) was issued by a foreign judge with no authority and has no consequence before the Jordanian judicial system, because it abates the authority of the Jordanian judicial system, constitutes an infringement on the sovereignty of the state, and was not given an enforceable form.

7. The Appealed Ruling violates the law and the explicit provisions of Article 72 of the Banks Law No. 28 of 2000, which explicitly stipulated that the Bank must maintain complete confidentiality of all customers, and prohibited the Bank from providing any information thereof except with the approval of the customer.

8. The Appealed Ruling violates the law and the provisions of Article 72 of Banks Law, in that the disclosure of confidentiality in accordance with a judicial ruling is conditional on a standing judicial dispute.

9. The ruling subject of the appeal violates the law and the explicit provisions of Article 74 of Banks Law No. 28 of 2000, which exclusively set the situations in which confidentiality may be removed.

10. The Appealed Ruling violates the law in that interest, even if potential, is not present.

11. The Appealed Ruling violates the law and procedures in that the motion of the Defendant to exempt it from the stipulations of banking confidentiality to achieve a self interest without the presence of one of the legal situations needed for such exemption.

12. The Appealed Ruling violates Articles 7 and 18 of the constitution, in that it constitutes an infringement on the personal freedom and privacy of the Appellant.

## Upon Review, we find:

**In the form of the appeal.**

The Appealed Ruling was issued on 9/27/2005, and this appeal was filed on 10/3/2005, and since the legal fees were paid, the appeal is therefore accepted in form.

**In the merits of the appeal.**

The Plaintiff Arab Bank PLC filed this motion against Defendant Hassan Hussein Houtri to permit the disclosure of information related to the Defendant's account at al-Raseifa Branch, based on the facts stated in the motion. These facts are summarized as follows:

Plaintiff is in the banking business, and Defendant is one of his customers and is the holder of account No. 6-21697/600, al-Raseifa Branch. Five civil lawsuits were filed against Plaintiff before the United States Federal Court, Eastern New York District (New York Court). The parties suing Arab Bank claim that it transferred monies to charity organizations, they claim to be a front for terrorist organizations in the West Bank and

Gaza, where monies where transferred to families of persons who allegedly committed violent acts causing harm to the suing parties. On 7/27/2005, Judge Viktor Pohorelsky, issued an order to the Bank to produce certain documents in its possession in Jordan, including specific information related to defendant's account at al-Raseifa Branch, such as the account opening application and any records related to money transfers and deposits, from 1/1/2001 up to date, in addition to any correspondence related to the account. The New York judge issued a Protection Order, giving the parties of the dispute the right to stamp certain documents with "confidential", and ordered that such documents may not be used for purposes other than the purposes of said lawsuits.

Giving that the Plaintiff is filing this motion based on the order issued against it to obtain the necessary permit from the proper authorities in the Hashemite Kingdom of Jordan, and disclose the requested information; and giving that the Plaintiff has an interest in filling this motion to comply with the order issued by the court reviewing the lawsuits against it; and giving that Plaintiff is required to ensure complete confidentiality of all customer accounts in accordance with Article 74 of Banks Law No. 28 of 2000, and is requesting exemption from banking confidentiality stipulations in regards to the account of the Appellant as needed to satisfy the Production Order issued by the New York Court on 8/23/2005, the Urgent Affairs Judge of the Preliminary Hukook al-Rasaifa Court issued the Appealed Ruling, permitting the Plaintiff to disclose information related to Defendant's account No. 6-21697/600 at al-Raseifa Branch, including the name of the account holder, documents related to opening the account, and records of money transfers and deposits in the account, from 1/1/2001 to 9/27/2005, to submit these documents to plaintiffs in the five New York lawsuits, and order it to stamp such document as "confidential".

**Said ruling was not accepted by Appellant, and Appellant therefore appealed the ruling for the reasons stated in the Appeal Motion.**

### In response to the reasons of the appeal:

**Reasons 1-4:** In faulting the Urgent Affairs Judge for not taking into consideration the kind and/or place of authority guidelines, and arguing that the motion does not constitute an urgent matter, and violates the provisions of Articles 3/27 and 32 of the Civil Trials Procedures Code, we find that Article 3/27 of the Civil Trials Procedures Code gave Jordanian courts the authority to review timely and preventative actions executed in Jordan, even if the courts had no authority over the original lawsuit.

Whereas the motion filed by Defendant concerns a timely act to disclose the Appellant account and documents related to that account, and to remove banking confidentiality from the account for the purposes of submitting these documents in the lawsuits filed against Defendant in the Federal New York Court.

And whereas the requested documents are available at the Defendant's al-Raseifa Branch, the Jordanian courts therefore have the authority to review timely acts regarding this matter, even if the courts have no authority over the original lawsuit, as long as the

required action is in Jordan, and relates to banking confidentiality stipulated in the Jordanian Banking Law, in accordance with the guidelines of international authority of Jordanian courts.

Therefore, Jordanian courts are authorized to review said motion, which refutes these reasons, and as a result are rejected.

**Reasons 10-11:** They fault the court for not ruling to deny the motion based on the absence of interest. We find that the Defendant has a material and verified interest. Defendant submitted this motion for the purposes of defending its rights in the lawsuits filed against it before the Federal New York Court, and to comply with the order of said court which ordered it to file this motion with the Jordanian courts for the purposes of enabling it to remove banking confidentiality without violating the Jordanian Banking Law. This legally satisfies the stipulations of interest in the Defendant's motion, and refutes these two reasons, and as a result are rejected.

**Reasons 5-9 and 12:** They argue that the appealed ruling violates the laws, especially Articles 72 and 74 of Banking Law No. 28 of 2000. We find that Article 72 of said law stipulates that the bank must maintain complete confidentiality of all customer accounts, deposits, and trusts and prohibits providing any information, directly or indirectly, except with a written consent of the account holder, or by a ruling from an authorized judiciary in a judicial dispute, or based on one of the situations sanctioned by the provisions of said law, which are the situations stipulated in Article 74 concerning account auditors assigned by the Bank's management or the Central Bank, and the business and procedures conducted by the Central Bank in accordance with the provisions of said law or the Central Bank Law, and issuing a certificate stating the reasons of refusing to honor any check, and exchanging customer information about their loans to provide the necessary information for evaluating credit approval, and whatever documents the bank itself provides to prove its right in a judicial dispute between the bank and its customer.

Giving that the situation under review concerns a dispute before a foreign court between Defendant Arab Bank PLC and other persons, and Defendant is not a party to said dispute, and giving that one of the situations which permit Defendant to provide information about the account of one of its customers, as stated in Article 74 of the Banking Law, is not satisfied in the motion, and as such the bank may not provide any information related to the Appellant's account concerning the dispute before the American courts, and since the Urgent Affairs Judge of the Preliminary al-Zarga Court ruled contrary to that, the judge's ruling therefore violates the law and said reasons stand, and as a result the ruling should be rescinded.

Based on the above, the court rules to rescind the Appealed Ruling and deny Defendant's motion, and return the documents to their origin.

**Issued on 10/9/2005**
**Chief of Divan**              **Member**              **Member**        **Presiding Judge**