UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| COURTNEY LINDE, et al.<br><br>     Plaintiffs,<br><br> -against-<br><br>ARAB BANK, PLC,<br>     Defendant. | Case No. CV 04 2799 (NG/VVP) |
| PHILIP LITLE, et al.<br><br>     Plaintiffs,<br><br> -against-<br><br>ARAB BANK, PLC,<br>     Defendant. | Case No. CV 04 5499 (NG/VVP) |
| ORAN ALMOG, et al.<br><br>     Plaintiffs,<br><br> -against-<br><br>ARAB BANK, PLC,<br>     Defendant. | Case No. CV 04 5564 (NG/VVP) |
| ROBERT L. COULTER, SR.<br>FOR THE ESTATE OF JANIS<br>RUTH COULTER, et al.,<br><br>     Plaintiffs,<br><br> -against-<br><br>ARAB BANK, PLC,<br>     Defendant. | Case No. CV 05 365 (NG/VVP) |

| | |
|---|---|
| GILA AFRIAT-KURTZER, et al., : | |
| Plaintiffs, : | |
| -against- : | Case No. CV 05 388 (NG/VVP) |
| ARAB BANK, PLC, : | |
| Defendant. : | |
| MICHAEL BENNETT, et al., : | |
| Plaintiffs, : | |
| -against- : | Case No. CV 05 3183 (NG/VVP) |
| ARAB BANK, PLC, : | |
| Defendant. : | |
| ARNOLD ROTH, et al., : | |
| Plaintiffs, : | |
| -against- : | Case No. CV 05 3738 (NG/VVP) |
| ARAB BANK, PLC, : | |
| Defendant. : | |
| STEWART WEISS, et al., : | |
| Plaintiffs, : | |
| -against- : | Case No. CV 06 1623 (NG/VVP) |
| ARAB BANK, PLC, : | |
| Defendant. : | |

**DEFENDANT ARAB BANK PLC'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER
CONCERNING THE LOCATION OF DEPOSITIONS OF PLAINTIFFS**

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 3

    A.    New York Is the Proper Location for Plaintiffs' Depositions. ........................... 4

    B.    Plaintiffs Have Not Met Their Burden. ............................................................... 4

        1.  The Cost of Appearing in New York is Not Prohibitive. ............................ 5

        2.  The Size of Plaintiffs' Claims Weighs Against Protection. ......................... 6

        3.  The Manual of Complex Litigation Has No Bearing On this Question. ..... 6

    C.    The Equities Favor Depositions In The Forum. ................................................. 7

CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**                                                                            **PAGE**

*Clem v. Allied Van Lines Int'l Corp.*,
    102 F.R.D. 938 (S.D.N.Y. 1984) .................................................................... 4, 5, 6

*Daly v. Delta Airlines, Inc.*, No. 90 Civ. 5700,
    1991 WL 33392 (S.D.N.Y. Mar. 7, 1991) ............................................................ 4, 6

*Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930,
    2002 WL 1159699 (S.D.N.Y. May 31, 2002) .................................................. 4, 5, 6

*Grotrian, Helfferich, Schulz, Th. Steinweg Nachf.*
    *v. Steinway and Sons*,
    54 F.R.D. 280 (S.D.N.Y. 1971) ............................................................................. 4

*Gulf Oil Co. v. Bernhard*,
    452 U.S. 89 (1981) ................................................................................................ 5

*Gulf Union Ins. Co. v. M/V Lacerta*, No. 91 Civ. 2814,
    1992 WL 51532 (S.D.N.Y. Mar. 9, 1992). ............................................................ 4

*Seuthe v. Renwal Prods., Inc.*,
    38 F.R.D. 323 (S.D.N.Y. 1965) ............................................................................. 4

*Slade v. Transatlantic Fin. Corp.*,
    21 F.R.D. 146 (D.C.N.Y. 1957) ............................................................................ 6

## PRELIMINARY STATEMENT

Defendant Arab Bank, plc ("Arab Bank" or the "Bank"), pursuant to this Court's November 30, 2006 Order, respectfully submits this memorandum of law in opposition to plaintiffs' motion for a protective order concerning the location of depositions of plaintiffs in these actions.

As described below, plaintiffs' motion must be denied. The law provides that the plaintiffs, having secured this forum for their claims, presumptively must appear here for deposition by the Bank. Avoidance of this rule requires a showing that plaintiffs have not even attempted to make. Plaintiffs must submit, on an individual basis, a particularized and detailed demonstration that appearing for deposition in the forum they selected would impose a substantial and unwarranted burden. This burden, moreover, must be measured against the size of the claims brought by the plaintiffs. Finally, the Court must evaluate the equity of shifting this rather sizable burden to the Bank under these circumstances.

These factors require the Court to issue an Order compelling the plaintiffs to appear in this forum for deposition.

## BACKGROUND

Plaintiffs' choice of this forum for their lawsuits was not a matter of whim or chance. Plaintiffs deliberately selected not only an entity perceived as a "deep pocket," but a jurisdiction which would offer the opportunity for enormous damages:

> The victims asked me why claims were not being filed against Hamas or Jihad or the Palestinian Authority, and why it is being done in America. The answer is simple: if you sue terrorist entities from here, you will get nowhere. Even placing an attachment on the Authority's funds held in Israel is problematic and fraught with political pressures

> on the part of European countries. **You have to know who to sue and where. We searched from the start for entities who were both helping to finance terrorism [sic] and who would be able to pay. Apart from that, you cannot compare the amounts that could be awarded in America in torts cases to anything we know here. In the U.S., contrary to Israel, in addition to the damage compensation, there are also enormous punitive awards, and I am talking millions.**

(*Linde* Dkt. No. 42, article entitled "Cost of Terrorism," by Gabi Mairone, Ex. A hereto (emphasis added).)

In order to preserve their choice of forum, and the hope of obtaining "millions" in damages, plaintiffs vigorously contested Arab Bank's *forum non conveniens* argument in its motion to dismiss the Anti-Terrorism Act ("ATA") claims. (*Linde* Dkt. No. 53, Pls.' Mem. of Law in Opp. to Mot. to Dismiss, Dec. 14, 2004, at 69, "many plaintiffs who are both citizens and residents of the United States.") We now have learned that the vast majority of plaintiffs, including 80-90% of the American citizens who have brought ATA claims against the Bank, reside in Israel. Moreover, when arguing the convenience of the forum, plaintiffs certainly *did not disclose* to the Court that they would later be unwilling to appear in New York for deposition.

No individual plaintiff has submitted an affidavit that he or she is too old, too sick, or too poor to travel to the chosen forum. Rather, these plaintiffs ask the Court to excuse them from appearing in the forum simply based on their numbers, and the cost associated with defending multiple depositions. Absent any individualized showing of such hardships, plaintiffs may not properly be excused from appearing in the forum, and their motion for a blanket protective order must be denied.

The Bank submits that it is improper for plaintiffs first to choose this forum, then to argue in favor of its convenience while hiding the fact that they had no

2

intention of appearing for deposition, and finally to seek blanket protection from the Court from having to appear for deposition in New York.

## ARGUMENT

Plaintiffs are approximately 5,000 residents of Israel who decided to take advantage of the laws of the United States by choosing to sue a Jordan-based bank in the United States. Plaintiffs bring sizable claims against the Bank; though the amount of damages is unspecified, the allegations in the complaints amount to tens of millions of dollars. Having selected New York, plaintiffs certified to this Court, over the Bank's objection, that it was a convenient forum. Now that the Bank has noticed the depositions of the individual plaintiffs, however, they ask the Court to protect them from the inconvenience of having to appear in their chosen forum.

The default rule as to plaintiffs' depositions is that they must take place in the forum. The rule is not inflexible, however, and it is well within the Court's discretion to direct that depositions take place elsewhere. The Bank submits that such an order is inappropriate under these circumstances. Plaintiffs seek to avoid this rule on the grounds that the expense of traveling to the forum is too great. Upon an examination of the factors relevant to the Court's consideration of plaintiffs' motion for protective order – the relative burden, the amount of the claims, and the equities – it is clear that plaintiffs have not met their burden on this motion.

### A. New York Is the Proper Location for Plaintiffs' Depositions.

It is well-established that, having selected this forum, plaintiffs "cannot impose upon defendant the extraordinary expense and burden of traveling to a foreign country to conduct a deposition except on a showing of burden and hardship to the

3

plaintiff." *Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway and Sons*, 54 F.R.D. 280, 281 (S.D.N.Y. 1971). The case authority on this issue is uncontroversial and straightforward.[1] This Court has already acknowledged that "the general rule is plaintiffs get deposed in the forum." (Nov. 30, 2006 Tr., at 37:24-25.) Plaintiffs also acknowledge that the "default preference in this circuit is that a plaintiff appear for deposition in the district in which the case is filed." (*Linde* Dkt. No. 257, Nov. 7, 2006 Ltr. from Michael Elsner, Esq. to the Hon. Viktor V. Pohorelsky, at p. 3.) Though the Bank anticipates that there will be some costs to plaintiffs associated with these depositions, the fact is that the plaintiffs, having brought these actions, must "bear any reasonable burdens of inconvenience that the actions present." *Gulf Union Ins. Co. v. M/V Lacerta*, No. 91 Civ. 2814, 1992 WL 51532, at * 5 (S.D.N.Y. Mar. 9, 1992).

### B. Plaintiffs Have Not Met Their Burden.

A plaintiff seeking a protective order pursuant to Rule 26(c) to avoid the must show that appearing in the forum will cause a "substantial hardship." *Dubai Islamic Bank*, 2002 WL 1159599, at *12. To meet the burden under Rule 26(c), plaintiffs must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernhard*, 452 U.S. 89, 102 n. 16 (1981) (describing the movant's burden on a motion for protective order). Plaintiffs apparently assert that they require the protective order because they cannot bear the expense of

---

[1] *See, e.g., Seuthe v. Renwal Prods., Inc.*, 38 F.R.D. 323, 324 (S.D.N.Y. 1965) ("The general rules to be applied in cases of this sort are simple to state."); *Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930, 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2002) ("a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum"); *Daly v. Delta Airlines, Inc.*, No. 90 Civ. 5700, 1991 WL 33392, at *1 (S.D.N.Y. Mar. 7, 1991) ("In view of the fact that plaintiff chose to file his lawsuit here rather than in Ireland, it is hardly unreasonable to expect that he make himself available in the district where he is litigating his million dollar claim, and to which he must come in any event to testify at trial."); *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939-40 (S.D.N.Y. 1984) (enforcing "long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances").

4

traveling to New York to attend depositions, but have offered no declarations to support their assertions. Even if plaintiffs were to submit such declarations, the asserted burden must be "substantial," and must be weighed against the value of their claims, and the equity of imposing the burden to the Bank. As shown below, plaintiffs' simple assertions do not meet their burden on this motion.

### 1. The Cost of Appearing in New York is Not Prohibitive.

As an initial matter, it does not appear that plaintiffs are even responsible for any out-of-pocket costs, which are in fact being paid by plaintiffs' counsel. (*See* "Terror Victims vs. Arab Bank," www.terror-lawsuit.com: "If the lawsuit is not successful and no funds are recovered, then the clients will not be charged any legal fees *or any costs for expenses*." Ex. B hereto (emphasis added).) Indeed, if plaintiffs' counsel wants to save money they may use their own private jet or charter flights for groups of plaintiffs to fly to New York, the forum of their choice. Thus, cost is not a real barrier for any plaintiff.

Even if the expense were borne by the individual plaintiffs, the actual cost of appearing in the forum must be evaluated on a case-by-case basis. While the vast majority must travel to New York from Israel, courts in this circuit regularly require plaintiffs who reside abroad to travel to New York to appear for deposition. In *Dubai Islamic Bank v. Citibank, N.A.*, the court required plaintiffs' employees to travel from Dubai to New York to appear for depositions noticed by defendant Citibank. *Dubai Islamic Bank*, 2002 WL 1159599, at *12. Similarly, in *Daly v. Delta Airlines, Inc.*, an Irish national was directed to appear for his deposition in New York. *Daly*, 1991 WL 33392, at 2. The plaintiff in *Clem v. Allied Van Lines Int'l*, was ordered to travel from Hong Kong to New York for a deposition. 102 F.R.D. at 40; *see also, Slade v.*

5

*Transatlantic Fin. Corp.*, 21 F.R.D. 146, 147 (D.C.N.Y. 1957) (requiring English plaintiff to travel to New York). The plaintiffs' cost in traveling to the United States, therefore, is far from extraordinary.

### 2. The Size of Plaintiffs' Claims Weighs Against Protection.

Setting aside who is actually carrying the plaintiffs' expenses at this stage, it is well-established that the burden on plaintiffs must be weighed against the size and nature of their claims. *See, e.g., Daly*, 1991 WL 33392, at *2 ("it is hardly unreasonable to expect that [plaintiff] make himself available in the district where he is litigating his million dollar claim"); *Clem*, 102 F.R.D. at 940 ("The cost of transportation (approximately $3,000) would not, however, appear extreme, especially in light of the substantial claims involved here ($130,000, plus interest, plus attorneys' fees)."). Plaintiffs bring extraordinary claims against a well-respected institution that is a pillar of stability in the Middle East. They chose to come to the United States and this particular forum in order to pursue their "enormous punitive awards." Certainly, plaintiffs must bear some inconvenience associated with their enterprise.

### 3. The *Manual of Complex Litigation* Has No Bearing On this Question.

Plaintiffs have also made reference to Section 11.452 of the *Manual of Complex Litigation*, to suggest that the costs are prohibitive to certain plaintiffs. (*Linde* Dkt. No. 257, Nov. 15, 2006 Ltr. from Michael Elsner, Esq. to the Hon. Magistrate Viktor V. Pohorelsky, at p. 2.) The *Manual* merely advises that telephonic or videoconference depositions "can reduce travel costs;" it does not suggest shifting the burden of travel to the defendant, especially where the plaintiffs' resources are as substantial as they are in these actions. The cited section, moreover, is of little use on this

6

motion as all parties here have agreed that videoconference depositions are undesirable. (Nov. 30, 2006 Tr., at 55:17-56:5.)

### C. The Equities Favor Depositions In The Forum.

The burden to plaintiffs must be considered individually, not collectively, and weighed against the substantial burden on the Bank and defendant's counsel. Each individual plaintiff whom the Bank chooses to depose would be, in essence, required to travel away from home or business for a day or two, a small price to pay for the right to have access to United States courts. In contrast, teams of the Bank's lawyers would be required to spend weeks at a time in Israel, a substantial amount of time devoted only to taking the depositions of plaintiffs, at the expense of their practice and personal lives. The Bank and its counsel respectfully submit that the imposition on each individual plaintiff to travel to their selected forum for a couple of days is substantially less than the weeks a team of Bank counsel would have to be away from their office, and their families, to conduct numerous depositions in Israel. It certainly is insufficient to displace the presumptive rule of plaintiffs' depositions proceeding in their selected forum.

Finally, with respect to the suggestion that certain plaintiffs may be physically unable to travel, those issues can be, and should be, addressed on a case-by-case basis. The Bank's counsel has and will certainly continue to accommodate actual individual hardship.

## **CONCLUSION**

For the foregoing reasons, Arab Bank respectfully submits that the Court should deny plaintiffs' motion and direct plaintiffs' depositions to proceed in New York other than for good cause shown on an individualized basis.

Dated:   New York, New York
         December 8, 2006

                      Respectfully submitted,

                      LeBOEUF, LAMB, GREENE & MacRAE LLP

By: *[signature]*
Alan B. Howard (AH – 7544)

125 West 55th Street
New York, New York 10019
Phone:  212-424-8000
Facsimile:  212-424-8500

Attorneys for Defendant
Arab Bank plc

8