UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

COURTNEY LINDE, et al.,

Plaintiffs,

- v -

ARAB BANK, PLC,

Defendant.

---------------------------------------------------------------x

CV-04-2799 (NG)(VVP)

**AND ALL RELATED CASES**[1]

**MEMORANDUM ORDER**

The plaintiffs and the defendant have both moved to compel supplemental responses to contention interrogatories they have served on each other. As the motions present perennially troublesome issues concerning the appropriate purpose and scope of contention interrogatories, the following observations about that subject are necessary.

The primary purpose of contention interrogatories, like those served here at the end of discovery, is to narrow the issues for trial. *Pasternak v. Dow Kim*, No. 10 Civ. 5045, 2011 WL 4552389, at *3 (S.D.N.Y. Sept. 28, 2011) (citing *Erchonia Corp. v. Bissoon*, No. 07 Civ. 8696, 2011 WL 3904600, at *8 (S.D.N.Y. Aug. 26, 2011)). Courts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may wish to offer concerning a given issue at trial. *See, e.g., Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); *Pasternak v.*

[1]The following related cases have been consolidated with the instant case for purposes of discovery and other pretrial proceedings: *Philip Litle, et al. v. Arab Bank, PLC*, CV-04-5449 (NG)(VVP), *Oran Almog, et al. v. Arab Bank, PLC*, CV-04-5564 (NG)(VVP), *Robert L. Coulter Sr., et al. v. Arab Bank, PLC*, CV-05-365 (NG)(VVP), *Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC*, CV-05-388 (NG)(VVP), *Michael Bennett et al. v. Arab Bank, PLC*, CV-05-3183 (NG)(VVP), *Arnold Roth, et al. v. Arab Bank, PLC*, CV-05-3738 (NG)(VVP), *Stewart Weiss, et al. v. Arab Bank, PLC*, CV-06-1623 (NG)(VVP), and *Joseph Jesner, et al. v. Arab Bank, PLC*, CV-06-3869 (NG)(VVP).

*Dow Kim*, 2011 WL 4552389, at *3 (citing cases); *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 173-74 (S.D.N.Y. 2004); *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 320 (D. Kan. 1998); *but see Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 234 (E.D.N.Y. 2007) (citing *Convergent Bus. Sys., Inc. v. Diamond Reporting, Inc.*. No. CV-88-2329, 1989 WL 92038, at *1 (E.D.N.Y. Aug. 3, 1989). Thus courts do not typically compel responses to interrogatories that seek a catalog of all facts or all evidence that support a party's contentions. *E.g., Pasternak*, 2011 WL 4552389, at *2 (citing cases); *Switch Communications Group v. Ballard*, No. 2:11–cv–00285, 2011 WL 3957434, at *7-8 (D. Nev. Sept. 7, 2011); Such interrogatories are not likely to narrow the issues, *see Pasternak*, 2011 WL 4552389, at *3, and will almost inevitably produce what the defendant complains about – a mass of data that contains, "incidental, secondary, and perhaps irrelevant and trivial details," *IBP, Inc.*, 179 F.R.D. at 321. Rather, where interrogatories seek the factual support for a party's contentions, courts have tended toward a middle ground, requiring parties to explain the factual bases for their contentions by providing the material facts upon which they will rely, but not a detailed and exhaustive listing of all of the evidence that will be offered. *E.g., Mancini v. Insurance Corp. of New York*, No. 07cv1750-L, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009); *Barkley v. Life Ins. Co. of North Am.,* No. 3-07-CV-1498-M, 2008 WL 450138, at *1 (N.D. Tex. Feb. 19, 2008); *Convolve, Inc.*, 223 F.R.D at 174; *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000); *Tribune Co. v. Purcigliotti*, No. 93 Civ. 7222, 1997 WL 540810, at *2 (S.D.N.Y. Sept. 3, 1997). These concepts guide the court's decisions below.

*The Plaintiffs' Motion*

Before turning to individual interrogatories, the court will address the plaintiffs' complaints about some of the general objections lodged by the defendant.[2] One of the defendant's general objections to the interrogatories is that they are premature because they were served prior to the completion of expert discovery. General Objection 6. Although the timing of contention interrogatories is often a matter of dispute, the argument that they are premature typically is made when such interrogatories are served early in the discovery process. *E.g., Strauss*, 242 F.R.D. at 233-34. That is not the case here. Discovery has been ongoing for years, and is nearing completion, at least on the claims that will be tried first. To the extent that the defendant is unable to respond fully because expert discovery may shed further light on matters, interrogatory responses may always be supplemented. Accordingly, this objection is overruled and the defendant is directed to supplement any responses where information was withheld on the basis of the objection.

The plaintiffs also complain about the defendant's unilateral decision to redefine the time period for which their responses are provided. Specifically, the plaintiffs defined the "relevant time period" as January 1, 1995 through December 31, 2004. Objecting on the ground of relevance, the defendant redefined the time period to cover only the period during which the incidents that will be at issue in the first trial occurred – specifically, from March 2001 through September 2004 – and apparently limited their responses to that time period.

---

[2]The general objections are found on the first two pages of the Responses and Objections of Defendant Arab Bank plc to the Plaintiffs' Joint Fifth Set of Interrogatories Directed to Defendant Arab Bank, PLC (Contention Interrogatories) (hereinafter "Defendant's Interrogatory Responses"), which are annexed as Exhibit B to the plaintiffs' letter motion.

General Objection 2 and Specific Objection 13. The defendant's limitation was improper. The plaintiffs properly point out that the defendant's knowledge and conduct with respect to the terrorist acts and actors that will be examined at trial may be reasonably presumed to predate the incidents themselves, and the period they have chosen is certainly justified by the historical experience of terrorism in the affected territories. Accordingly, the defendant is required to supplement its responses to the interrogatories where necessary to conform to the time period chosen by the plaintiffs.

The defendant has also objected to the plaintiffs' interrogatories "to the extent that they seek information that would be subject to protection from disclosure by the bank confidentiality statutes of jurisdictions in which Arab Bank operates." General Objection No. 5. This objection was previously overruled with respect to other discovery in this action, and the court's prior ruling applies equally with respect to the plaintiffs' contention interrogatories. The defendant's objection on based on foreign bank secrecy laws is therefore overruled as well, and the defendant is ordered to provide any responsive information that has been withheld on the basis of this objection.

A more difficult issue is presented, however, with respect to the defendant's objection to certain interrogatories on the ground that they seek contentions from the defendant on matters as to which the plaintiffs bear the burden of proof. Although the defendant has provided no direct support for the proposition that contention interrogatories may only be directed at issues on which the responding party bears the burden of proof, the authorities they have submitted – and the additional authorities reviewed by the court – almost

universally involve interrogatories in which the responding party is asked to provide facts and evidence supporting contentions advanced by the party in its pleadings. Several of the plaintiffs' interrogatories are phrased in such a manner that the defendant's responses – which of course may be introduced in evidence – may be incorrectly construed by a jury as a concession by the defendant on matters that the plaintiffs are required to prove. Thus, although the court does not accept the proposition that contention interrogatories may only explore a party's "contentions" concerning issues on which the party bears the burden of proof, in ruling on various interrogatory responses below, the supplementation that the court requires seeks to address the defendant's concerns.

Finally, the plaintiffs complain that the defendant's responses are insufficient because they do not provide a complete list of witnesses, and fail to identify the testimony and documents that support the defendant's contentions. As set forth above, the purpose of contention interrogatories is not to provide a complete listing of the evidence a party will be introducing at trial. Thus, the supplementation that the defendant is ordered to provide will not require a complete identification of witnesses and evidence. Rather, where supplementation is required, the defendant must provide a sufficiently detailed description of the nature of the proof that will be offered in support of the contentions about which information is sought such that the plaintiffs will understand the theory of their defenses and how they will be proved.

Rulings concerning the defendant's responses to various specific interrogatories about which the plaintiffs have complained follow below:

*Contention Interrogatories 1 and 2*: the defendant shall supplement its response to advise the plaintiffs whether it will offer proof that any of the attacks were not terrorist activities, as defined in the interrogatories, and if so identify which attacks and describe the proof that will be offered;

*Contention Interrogatories 3 and 4*: the defendant shall supplement its response to advise the plaintiffs whether it will offer proof that any of the attacks were perpetrated by someone other than Hamas, and if so identify which attacks and describe the proof that will be offered;

*Contention Interrogatory 5*: the defendant's response is sufficient;

*Contention Interrogatories 7 and 8*: the defendant's responses are sufficient;

*Contention Interrogatories 9 and 10*: the defendant must provide supplemental responses that advise the plaintiffs concerning which portions of the language from the FinCEN report quoted in Contention Interrogatory 9 the defendant will dispute at trial, and that describe the proof that will be offered on those matters;

*Contention Interrogatories 11 and 12*: the defendant must provide supplemental responses that advise the plaintiffs concerning which portions of the language from the FinCEN report quoted in Contention Interrogatory 11 the defendant will dispute at trial, and that describe the proof that will be offered on those matters;

*Contention Interrogatory 13*: the defendant must provide a supplemental response that advises the plaintiffs concerning which portions of the language from the FinCEN report

quoted in the interrogatory the defendant will dispute at trial, and describes the proof that will be offered on those matters;

*Contention Interrogatory 14*: the defendant's response is sufficient;

*Contention Interrogatories 16 and 17*: the defendant must provide a supplemental response that advises the plaintiffs whether it will dispute that the person listed on the identified record is the Ahmed Yassin who is considered to be a founder and leader of Hamas, and if so how it will do so, including a description of any proof it will offer to the contrary;

*Contention Interrogatories 18 and 19*: the defendant must provide a supplemental response that advises the plaintiffs whether it will dispute that the person listed on the identified records is the Salah al-Din Mustafa Muhammad Ali Shahada who is considered to be a founder and leader of Hamas, and if so how it will do so, including a description of any proof it will offer to the contrary;

*Contention Interrogatories 20 and 21*: the defendant must provide a supplemental response that advises the plaintiffs whether it will dispute that the person listed on the identified record is the Ismail Abd al-Salam Haniya who is considered to be a founder and leader of Hamas, and if so how it will do so, including a description of any proof it will offer to the contrary;

*Contention Interrogatories 24 and 25*: the defendant shall supplement its response to advise the plaintiffs whether it will offer proof that any of the entities identified in the

interrogatory were controlled by someone other than Hamas, and if so identify which entities and describe the proof that will be offered;

*Contention Interrogatory 28*: the defendant's objections, except as to prematurity, are sustained;

*Contention Interrogatory 35*: the defendant's response is sufficient.

*The Defendant's Motion*

The defendant lodges essentially two complaints about the plaintiffs' responses to its contention interrogatories. They argue first that the responses are larded with objections that are meaningless and improper, and second that they provide such an excessive volume of information, some of which has no discernible relationship to the information sought, as to render them useless.

Although there is merit to at least some of the defendant's complaint about the plaintiffs' objections, it does not appear that the plaintiffs have withheld any information on the basis of any of the objections. Rather, the objections appear to have been made primarily to avoid a ruling that they have been waived. Nevertheless, it is worth pointing out that some of the objections are difficult, if not impossible, to defend. For example, objections based on a failure to define such words as "responsible," "instrumentality," and "alter ego" border on the frivolous; in the absence of instructions otherwise, they are to be given their common meanings. Do the plaintiffs seriously contend that a party serving interrogatories must attach a lexicon listing a meaning for each and every word used ? Similarly lacking any reasonable basis are their objections to the defendant's use of the phrases "charitable front

organization" and "terrorist front organization" – phrases used by the plaintiffs themselves in their complaints – particularly given that the defendant specifically instructs that the phrases are to be given the meanings that the plaintiffs have ascribed to them in their complaint. If the plaintiffs were truly concerned about any ambiguity in their response they were free to specifically provide the definition they were employing in framing their response. Other examples provided by the defendant also have merit, but a point-by-point examination of each and every objection to determine which should be stricken is not a useful exercise at this point. Rather, to the extent that any interrogatory response will actually be used at trial, it can be trimmed of all excess objections or otherwise modified to accommodate any meritorious ones.

The defendant's second complaint, that the plaintiffs' responses are so overbroad as to be meaningless, appears at first blush to have merit as well. The plaintiffs' responses refer to multiple witnesses without references to specific testimony, as well as voluminous documents, without reference to specific pages or information. The principal problem with the defendant's complaint is that, to a certain extent, the defendant got what it asked for. Each of its interrogatories directs the plaintiffs to "identify *all* facts, witnesses, and documents in support of" the contention at issue. E.g., Arab Bank plc's Contention Interrogatory 1 (emphasis added). Notwithstanding their objection that such interrogatories are unduly burdensome – an objection that was properly made – the plaintiffs apparently attempted to be comprehensive in their responses.

Had the plaintiffs' responses been limited to catalogs of documents and lengthy lists of witnesses, some relief would have been appropriate. But a review of their responses discloses that they also provide a reasonably clear explanation of the factual basis for, and the types of proof that they will offer in support of, the various contentions addressed by the defendant's interrogatories. Indeed, some of the responses provide rather extensive detail concerning the facts the plaintiffs will attempt to prove. See, e.g., Plaintiffs' Responses and Objections to Contention Interrogatory No. 18. Moreover, many of the responses also refer to reports prepared by the plaintiffs' experts which provide further detail concerning the facts and evidence to be adduced. *See generally, e.g., Ross v. Abercrombie & Fitch Co.*, Nos. 2:05-cv-0819, 2:05-cv-0848, 2:05-cv-879, 2:05-cv-0893, 2:05-cv-0913, 2:05-cv-0959, 2010 WL 518169, at *1 (S.D. Ohio Feb. 4, 2010) (citing utility of expert discovery as alternative means for obtaining information sought by contention interrogatories); *Foti ex rel. Louisiana v. Eli Lilly & Co.*, Nos. 05-CV-1455, 05-CV-1549, 07-CV-645, 2008 WL 2858617, at *2 (E.D.N.Y. July 22, 2008) (same). The court thus concludes that, notwithstanding the numerous objections lodged by the plaintiffs and the extensive, non-specific references to documents and witnesses, the responses provided by the plaintiffs are sufficient and need not be supplemented.

*  *  *  *  *  *

For the foregoing reasons, the plaintiffs' motion to compel is granted in part and denied in part, and the defendant's motion to compel is denied. The defendant shall serve supplemental responses as required by the above rulings within 30 days.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
March 20, 2012