

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   212.335.4501

*VIA ECF*                                                    September 3, 2014

Honorable Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Linde v. Arab Bank, PLC, 04-CV-2799 (BMC) (VVP), and related ATA cases

Dear Judge Cogan:

On behalf of Arab Bank, plc (the "Bank"), we write concerning Plaintiffs' September 1, 2014 letter proposing revisions to the adverse inference instruction described by the Court in the conference on August 11, 2014 (H'rg Tr. at 22), and the Court's statements about Plaintiffs' proposal yesterday morning (Trial Tr. 1422:5-11).

The Bank does not oppose having the adverse inference instruction given before the Bank presents its defense, or replacing "Foreign Terrorist Organization" with "Hamas."  The Bank requests, however, that the Court (1) add five sentences to what the Court proposed on August 11 to clarify how it relates to instructions the Court gave at the start of the case, and (2) reject Plaintiffs' other changes to the Court's instruction proposed on August 11 that go beyond substituting "Hamas" for "FTO."  All of this is without waiver, of course, to the Bank's previous objections to the sanctions order (*Linde v. Arab Bank, Plc*, 269 F.R.D. 186 (E.D.N.Y. 2010)) and any adverse inference instruction.

1.   **Permissible adverse inference and its relation to other instructions**

When the jurors were sworn, the Court instructed them not to make up their minds until after they had heard all the evidence and instructions and completed their deliberations:

> Please do not make up your mind about what the verdict should be until after you have heard all of the evidence, after I've instructed you on the law at the end of the case and after you've deliberated with your fellow jurors.  Please keep an open mind until then.  All parties deserve and the law requires that you give them an opportunity to be fully heard and that you cannot make up your mind until you and your fellow jurors have heard all the evidence and instruction and you've completed your deliberations.

(Trial Tr. 106:14-24, 195:2-12.)  Introducing an isolated adverse inference instruction in the middle of the trial, after Plaintiffs present their side but before the Bank has presented its



Honorable Brian M. Cogan
September 3, 2014
Page Two

defense, may confuse the jury about when and how they should draw conclusions.  The obvious remedy to prevent this is simply to include at the end of the adverse inference instruction the three sentences from the Court's initial instructions quoted above, adding after the word "verdict" the words "or any inference."  The Bank requests this addition.

      The Bank also requests that the Court add two other sentences from a standard jury instruction clarifying that the permitted inference does not change the burden of proof.  The sentences are from Judge Sand's *Modern Federal Jury Instructions* adapted from a charge given by Judge Weinfeld and upheld by the Second Circuit:

> The mere existence of an inference against the defendant does not relieve the plaintiff[s] of the burden of establishing [their] case by a preponderance of the evidence [ ].  If the plaintiff[s are] to obtain a verdict, you must still believe from the credible evidence that [they have] sustained the burden cast upon [them].

4 Hon. Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions-Civil* ¶ 75.01, Instr. 75-2 (Matthew Bender 2014) (explaining at n.1 that it is "adapted from the charge of Judge Weinfeld in *United States v. Corr*, 543 F.2d 1042 (2d Cir. 1976)"; in the quotation above, the third square brackets show omission of the alternative "clear and convincing" standard not applicable in this case).  The comment to this instruction explains that "Since the recommended charge properly explains how to balance the evidence and how the burden of proof operates, this charge should be sufficient to eliminate any mistaken impression the jury may have that the drawing of an inference alone shifts the burden of proof."  *Id.* (comment to Instr. 75-2).

      The Bank therefore requests that the Court give a Permissible Inference Instruction that adds the above five sentences to the Court's August 11 version (H'rg Tr. 22), as well as substitutes "Hamas" for "Foreign Terrorist Organization," as follows:

### Permissible Inference Instruction

> "Before a case goes to trial, the litigants go through a process called discovery.  In that process, each party is required to turn over documents in their possession that are relevant to the other side's case, as well as have witnesses answer questions posed by the other party.  Here, the defendant refused to provide certain documents and testimony to plaintiffs during discovery.  Based on this refusal, you may, but are not required to, infer:



Honorable Brian M. Cogan
September 3, 2014
Page Three

>  (1)   That defendant provided financial services to Hamas and individuals affiliated with Hamas;
>
>  (2)   That defendant processed and distributed payments on behalf of the Saudi Committee to Hamas, including those affiliated with Hamas and those who are unaffiliated, their relatives, or representatives; and
>
>  (3)   That defendant did these acts knowingly and purposefully.
>
>  Please do not make up your mind about what the verdict or any inference should be until after you have heard all of the evidence, after I've instructed you on the law at the end of the case and after you've deliberated with your fellow jurors.  Please keep an open mind until then.  All parties deserve and the law requires that you give them an opportunity to be fully heard and that you cannot make up your mind until you and your fellow jurors have heard all the evidence and instruction and you've completed your deliberations.
>
>  The mere existence of an inference against the defendant does not relieve the plaintiffs of the burden of establishing their case by a preponderance of the evidence.  If the plaintiffs are to obtain a verdict, you must still believe from the credible evidence that they have sustained the burden cast upon them."

## 2. Plaintiffs' proposed modifications should be rejected

Plaintiffs' proposed adverse inference instruction described in their September 1 letter revises what the Court proposed on August 11 in more ways than simply substituting "Hamas" for "FTO."  The principal change made by Plaintiffs is to add the words "if you find the Plaintiffs have put forward some credible evidence to support the following statements," then the jury is permitted to draw the adverse inferences. (Pl. Ltr. at 3.)  This is misleading because it suggests that Plaintiffs no longer need to meet their burden of proof on these issues by a preponderance of the evidence, and that the adverse inference can be drawn if there is "some" credible evidence no matter how small, even if the preponderance of the evidence shows that the adverse inference conclusion is false.  The jury should not be given any suggestion that the burden of proof has shifted, or that the jury should make up its mind on these issues before hearing <u>all</u> the evidence rather than just "some" evidence, or that the jury should make up its mind on these issues in the middle of the trial rather than at the end after all the evidence has been presented and the Court has given all its instructions.



Honorable Brian M. Cogan
September 3, 2014
Page Four


      The Bank's proposed Permissible Inference Instruction given above, which includes the Court's words and clarifies how the permissible inference instruction relates to the other instructions given to this jury at the start of the case, avoids the misleading suggestions in Plaintiffs' proposal. The Bank therefore requests that the Court adopt the Bank's proposed instruction.

                                        Respectfully submitted,

                                        **DLA Piper LLP (US)**


                                        _____/s/_____
                                        Shand S. Stephens


cc: all counsel (via ECF)

EAST\82225872